IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01836-PAB-KLM

SORRYA PAMARTHI,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation,

    Defendant.

---

# ORDER

---

This matter is before the Court on Defendant's Motion for Partial Summary Judgment [Docket No. 25]. Defendant State Farm Mutual Automobile Insurance Co. ("State Farm") seeks an order dismissing plaintiff's second claim for statutory bad faith and plaintiff's third claim for violation of DORA Amended Regulation 5-1-14 Section 4 Rules. Docket No. 25 at 1. Plaintiff Sorrya Pamarthi filed a response opposing State Farm's motion for summary judgment,[1] Docket No. 30, and State Farm filed a reply. Docket No. 31. The Court has jurisdiction under 28 U.S.C. § 1332.

---

[1] The Court struck plaintiff's original response to defendant's motion for failing to comply with the Court's Practice Standards. Docket No. 29. The Court reminded plaintiff that "[a]ny party opposing the motion for summary judgment shall, in a section of the brief . . . styled 'Response to Statement of Undisputed Material Facts,' admit or deny the asserted material facts set forth by the movant. The admission or denial shall be made in separate paragraphs numbered to correspond to movant's paragraph numbering. Any denial shall be accompanied by a brief factual explanation of the reason(s) for the denial and a specific reference to material in the record supporting the denial." *Id.* (quoting Practice Standards (Civil case), Chief Judge Philip A. Brimmer, § III.F.3.b.iv.). Plaintiff filed a new response to defendant's motion that failed to comply with the Court's Practice Standards. *See* Docket No. 30 at 3-5. Plaintiff repeatedly fails

I. BACKGROUND[2]

On October 3, 2019, plaintiff was involved in a motor vehicle accident with Santiago Colina. Docket No. 25 at 3, ¶ 1. Mr. Colina was insured by Safeco Insurance Company with liability limits of $100,000. *Id.*, ¶ 2. Plaintiff was insured by State Farm under a policy that included underinsured motorist benefits with limits of $100,000. *Id.*, ¶ 3. On July 24, 2020, plaintiff made a claim for underinsured motorist benefits with State Farm. Docket No. 25 at 4, ¶ 5; Docket No. 30 at 5, ¶ 5. Plaintiff requested permission from State Farm, for at least the second time, to settle her claim with Safeco

---

to admit or deny State Farm's statements of fact, *see id.* at 3-4, ¶¶ 5, 8-15, 22-25, and she states "[u]nless stated as expressly undisputed, Plaintiff disputes Defendant's assertions of Undisputed Facts. Defendant's Claims Notes do not constitute undisputed facts. Pointing to claims notes as a source of an undisputed facts is tantamount to pointing to an affidavit or averral of Plaintiff, a statement of a party." *Id.* at 3. This blanket denial without reference to any specific evidence in the record or to specific facts is not an acceptable way to establish disputes of any specific facts. *See* Fed. R. Civ. P. 56(c)(1)(A), (B) (to show a fact is disputed a party must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute"). As indicated in the facts section below, where plaintiff fails to deny a fact in her response in a manner that complies with the Court's Practice Standards, the Court will deem the fact admitted. *See* Practice Standards (Civil case), Chief Judge Philip A. Brimmer, § III.F.3.b.iv. ("Failure to follow these procedures . . . may cause the Court to deem certain facts as admitted."). To the extent plaintiff's argument can be construed as a legal challenge to the sufficiency of defendant's evidence, legal argument is not permitted in the facts section of a summary judgment brief. *See id.*, § III.F.3.b.vii.

[2] The following facts are undisputed unless otherwise indicated.

on September 1, 2020.³  Docket No. 30 at 5, ¶ 7.  With State Farm's permission, plaintiff settled with Safeco Insurance for $100,000.⁴  Docket No. 25 at 3, ¶ 4.

"Plaintiff has a pre-accident history of at least one prior motor vehicle accident, a L4 compression fracture with 25% height loss, multi-level degenerative disc disease [ ], in addition to moderate spinal stenosis [ ], moderate to severe spinal stenosis [ ], severe spinal stenosis [ ], and a recommendation for a two-level anterior cervical discectomy and fusion."  *Id.* at 4, ¶ 6.  State Farm adjuster Jared Maestas asked plaintiff's counsel for plaintiff's complete pre- and post-accident medical records through the use of a signed authorization and medical provider list.  *Id.*, ¶ 7.  State Farm requested medical records from plaintiff on July 28, 2020, August 24, 2020, August 27, 2020, October 29, 2020, December 8, 2020, December 23, 2020, and January 18, 2021.⁵  *Id.*, ¶ 8.

Plaintiff provided a list of medical providers to State Farm on August 3, 2020.⁶  Docket No. 30 at 5, ¶ 6.  As of August 27, 2020, State Farm had not received any of

---

³ Defendant responds that plaintiff has not cited evidence for the proposition that this request was plaintiff's third request for permission to settle.  Docket No. 31 at 5-6, ¶ 7.  Plaintiff's exhibit states "[w]e have asked for permission to accept the limits for over [one] month."  Docket No 30-4.  Drawing inferences in plaintiff's favor, this evidence shows it was not plaintiff's first request, but it does not support that she made three requests.
⁴ Neither party provides the date plaintiff settled with Safeco.  Docket No. 25 at 3, ¶ 4; Docket No. 30 at 3, ¶ 4.
⁵ Plaintiff states she "cannot confirm or deny" this fact, but adds that she provided a signed medical authorization on August 3, 2020 and August 31, 2020 without any citation to the record.  Docket No. 30 at 3, ¶ 8.  The Court will deem this fact admitted.
⁶ Defendant states that plaintiff's citation does not support that her disclosure on August 3, 2020 was a signed medical authorization.  Docket No. 31 at 5, ¶ 6.  Plaintiff's exhibit is an email dated August 3, 2020 that does not state what documents are included in the email.  Docket No. 30-3.  The Court will deem it admitted that plaintiff sent records on August 3, 2020.

3

plaintiff's pre-accident records.[7]  Docket No. 25 at 4, ¶ 9.  Plaintiff sent a signed medical authorization to State Farm on August 31, 2020.  Docket No. 30 at 5, ¶ 6.

On January 18, 2021, State Farm was still missing plaintiff's prior medical records.[8]  Docket No. 25 at 5, ¶ 10.  On January 18, 2021, Maestas submitted a request to the medical consultants at State Farm for a records review.  *Id.*, ¶ 11.[9]  The review was provided on January 21, 2021, noting that plaintiff's spine showed degenerative disc disease and compression fractures that occurred before the accident on October 3, 2019.[10]  *Id.*, ¶¶ 12-14.  By January 29, 2021, State Farm had received all of plaintiff's medical records it had requested.[11]  *Id.*, ¶ 16.

On February 2, 2021, plaintiff contacted State Farm asking for completion of her "1st party evaluation."  Docket No. 30 at 5, ¶ 8.  On February 4, 2021, State Farm requested that plaintiff attend two independent medical examinations ("IMEs") to assist

---

[7] Plaintiff responds she has no knowledge and cannot confirm this fact.  Docket No. 30 at 3, ¶ 9.  The Court will deem this fact admitted.

[8] Plaintiff fails to admit or deny this fact.  Docket No. 30 at 3, ¶ 10.  The Court will consider it undisputed.

[9] Plaintiff fails to admit or deny this fact.  Docket No. 30 at 3, ¶ 11.  The Court will consider it undisputed.

[10] Plaintiff responds to these statements of fact that "she has no knowledge" and "can't confirm."  Docket No. 30 at 3-4, ¶¶ 12-14.  Plaintiff's only citation is to a letter from Jared Maestas dated March 29, 2021.  *Id.*, ¶ 13 (citing Docket No. 30-6).  Plaintiff states that the letter shows that State Farm "told [plaintiff] on March 29, 2021, that Defendant did not have all medical records, needed more time to fully evaluate."  *Id.*  This is not responsive, and the Court will deem this fact admitted.

[11] Plaintiff responds that it is disputed whether State Farm had all the records it needed in January 2021 because State Farm told plaintiff it did not have all the records it needed on March 29, 2021.  Docket No. 30 at 4, ¶ 16.  Defendant cites its claim notes from January 29, 2021, which state that State Farm received the "last pending" medical records.  Docket No. 25-4 at 3.  Thus, State Farm admitted it had the records it requested in January 2021.  Plaintiff has failed to show a genuine dispute of fact, and the Court will deem this fact admitted.

with State Farm's claim investigation.[12]  Docket No. 25 at 5-6, ¶ 17.  State Farm scheduled an independent medical examination with Dr. Eric Mehlberg on March 10, 2021.  *Id.* at 6, ¶ 18.  Plaintiff did not attend, and the examination was rescheduled for April 7, 2021.  *Id.*, ¶¶ 19-20.  An independent medical examination was scheduled with Dr. Andrew Castro on April 23, 2021.  *Id.*, ¶ 21.

On June 14, 2021, after receiving both IME reports, State Farm evaluated plaintiff's claim with a range of value between $14,908.56 (based on Dr. Castro's opinion that the accident only caused minor sprain and strains) and $75,138.80 (based on Dr. Mehlberg's opinion that 33% of plaintiff's injuries were related to the accident).[13] *Id.*, ¶¶ 22-24.  State Farm's evaluation did not exceed the $100,000 paid by the at-fault party.[14]  *Id.* at 7, ¶ 25.  To date, plaintiff has disclosed medical bills of $152,043.09.  Docket No. 30 at 7, ¶ 18.

Plaintiff filed her complaint against State Farm on June 9, 2021.  Docket No. 25 at 7, ¶ 28.  On June 14, 2021, State Farm advised plaintiff that benefits were not owed under the policy as she had been fully compensated by the at-fault party.  *Id.*, ¶ 26.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the

---

[12] Plaintiff denies this fact because she was "not requested to attend Independent Medical Examinations, but instead told to attend **two** medical examinations."  Docket No. 30 at 4, ¶ 17.  In support, plaintiff cites a letter from Maestas dated March 29, 2021.  Docket No. 30-6.  Plaintiff does not identify any evidence that create a genuine dispute of tact.  The Court will deem this fact admitted.
[13] Plaintiff fails to admit or deny these facts.  Docket No. 30 at 4, ¶¶ 22-24.  The Court will deem these facts admitted.
[14] Plaintiff fails to admit or deny this fact.  Docket No. 30 at 4, ¶ 25.  The Court will deem these facts admitted.

5

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

### III. ANALYSIS

#### A. Bad Faith

Plaintiff alleges that State Farm's "failure to pay undisputed damages incurred by Plaintiff" is in violation of Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116. Docket No. 4 at 4, ¶ 46. State Farm moves to dismiss plaintiff's statutory bad faith claim. Docket No. 25 at 7-11. State Farm argues plaintiff cannot show that State Farm acted unreasonably. *Id.* at 12.

Section 10-3-1115 of the Colorado Revised Statutes provides that a "person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a). To prove a statutory bad faith violation, a plaintiff must show that: (1) benefits were owed under the policy; and (2) defendant unreasonably delayed or denied payment of plaintiff's claim. *See* Colo. Rev. Stat. § 10-3-1115; *Edge Construction, LLC v. Owners Ins. Co.*, No. 14-cv-00912-MJW, 2015 WL 4035567, at *6 (D. Colo. June 29, 2015) (ruling that "in order to prevail on its statutory unreasonable delay/denial claim, [plaintiff] first has to prove entitlement to benefits").

State Farm argues that plaintiff has not shown any evidence that State Farm's evaluation of plaintiff's claim was unreasonable. Docket No. 25 at 11. State Farm states that it "timely reviewed all submitted information[,] . . . undertook an internal review with its medical consultants[,] . . . moved forward with [independent medical consultants,]" and, "[a]fter obtaining expert opinions," State Farm "concluded that the plaintiff had been fully compensated by the underlying settlement with the tortfeasor." *Id.* Plaintiff responds that it is disputed whether State Farm unreasonably delayed and

7

denied benefits to plaintiff. Docket No. 30 at 13. Plaintiff states that State Farm continues to investigate plaintiff's claim and failed to request records in a timely manner. *Id.* at 10-11. Plaintiff argues that it is undisputed that plaintiff and State Farm do not agree on the valuation of plaintiff's claim and that whether or not State Farm's denial constitutes bad faith is a question appropriate for the jury. *Id.* at 11-12.

### 1. *Denial of Benefits*

State Farm states that plaintiff cannot show it unreasonably denied plaintiff benefits.[15] Docket No. 25 at 13. Although State Farm admits that it denied plaintiff's claim after plaintiff filed suit, *id.* at 6, ¶ 22, it argues that its denial was not unreasonable. State Farm's defense to plaintiff's bad faith claim is predicated on its argument that its denial was reasonable based on its evaluation. *Id.* at 11. Because both Dr. Castro and

---

[15] Plaintiff alleges that State Farm denied her claim on June 14, 2021. Docket No. 30 at 7, ¶ 14. Plaintiff's complaint only alleges that defendant improperly delayed benefits. Docket No. 4 at 1-3, ¶¶ 1-32. The complaint states "Defendant's denial in paying the [underinsured motorist] coverage is unreasonable," *id.* at 5, ¶ 47, but fails to allege any denial that occurred before June 9, 2021 when she filed this case. New allegations in a response to a motion for summary judgment can be interpreted as a request to amend the complaint under Fed. R. Civ. P. 15. *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). A request to amend may be denied where the new theory would prejudice the moving party as it retains its right to "notice and an opportunity to be heard." *Id.* Here, although plaintiff does not formally request that her response be considered a motion to amend, it does not appear that State Farm opposes this amendment or that State Farm would be prejudiced. State Farm includes in its statement of undisputed facts that it denied plaintiff's claim on June 14, 2021, after this lawsuit was filed. *See* Docket No. 25 at 6, ¶ 22. Additionally, the Final Pretrial Order states that plaintiff claims defendant denied and delayed covered benefits. Docket No. 36 at 3. The Court will allow the amendment of plaintiff's complaint to include allegations that defendant denied plaintiff's claim on June 14, 2021. The Tenth Circuit has observed that "the federal rules contemplate a formal amended complaint, an amended answer and inclusion of the issue in the initial pretrial report and the pretrial order." *Martinez*, 347 F.3d at 1212. However, because the pleadings are merged into the Final Pretrial Order, *see* Docket No. 36 at 6, the Court will not require an amended complaint and answer based on the acknowledgement of a denial of plaintiff's claim in the Final Pretrial Order.

Dr. Mehlberg determined that plaintiff only suffered minor injuries from the accident and because State Farm valued those minor injuries at less than $100,000, the tortfeasor's policy limit, State Farm believes that it reasonably denied plaintiff's claim.  *Id.*  Plaintiff responds that State Farm's evaluation of her claim is a disputed fact.  Docket No. 30 at 11-12.

Plaintiff does not challenge the accuracy of State Farm's valuation of the injuries that Dr. Castro and Dr. Mehlberg determined were caused by the accident.  *See id.*  Rather, plaintiff focuses on whether State Farm properly considered the causation information in plaintiff's medical records.  *Id.* at 12.  Plaintiff maintains that State Farm's reliance on the opinions of its experts without investigating and considering "the opinions of Plaintiff's treatment providers [and] her own testimony" is sufficient to deny summary judgment as a matter of law.[16]  *Id.*  Plaintiff cites *Am. Family. Mut. Ins. Co. v. Allen*, 102 P.3d 333, 344 (Colo. 2004), where the Colorado Supreme Court ruled that expert testimony is not necessary to establish that an insurer acted unreasonably for a common law bad faith claim.  The court observed that, given the jury had testimonial evidence that the insurer concluded its investigation without exploring conflicting statements from the insured and "referenced non-existent sections of the [insurance] policy and [included] legal misstatements as a basis for denying [the insured's] claim," there was enough evidence for a jury to find that an insurance company acted unreasonably without expert evidence.  *Id.* at 345.  However, plaintiff fails to show any evidence that State Farm or its experts overlooked or failed to investigate the medical

---

[16] Plaintiff mentions her own testimony, Docket No. 30 at 12, but does not provide any citations, facts, or exhibits based on her own testimony to support her claim that she incurred damages from the accident that exceeded State Farm's valuation.

records plaintiff relies upon.  For a statutory bad faith claim, a plaintiff must show that "an insurer denied benefits without a reasonable basis." *Schultz v. Geico Casualty Co.*, 429 P.3d 844, 848 (Colo. 2018) (quoting *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 760 (Colo. App. 2012)).  Plaintiff does not explain how the experts' opinions on causation and State Farm's valuation of her damages demonstrate that State Farm had no reasonable basis to deny her claim.

More fundamentally, plaintiff fails to show evidence of "discrepancies" between the medical records she relies upon and the medical information State Farm relies upon.  Docket No. 30 at 11-12.  Plaintiff states that State Farm "failed to investigate discrepancies between Ms. Pamarthi's treatment providers (who relate injuries and treatment to the subject accident) with the disputed opinions of the Defense's chosen experts, Dr. Mehlberg and Dr. Castro." *Id.* at 12.  In her statement of facts, plaintiff asserts that it is undisputed that "Ms. Pamarthi's treating doctors have stated she had injuries to her spine as a result of the subject crash." Docket No. 30 at 7, ¶ 12.  In support of this statement, she cites medical notes dated October 3, 2019 and October 14, 2019.  Docket No. 30-7 at 1-5; Docket No. 30-8 at 1-14.  Plaintiff, however, fails to identify what portion of the notes specifically states she was injured as a result of the accident.  *See* Docket No. 30 at 6-7, 11-12, ¶¶ 11-12.  Moreover, she does not identify what treating providers she is referring to. *Id*.  State Farm responds that plaintiff's statement of fact is unsupported by her citations to the record.  Docket No. 31 at 6, ¶¶ 11-12.

A review of the medical records plaintiff relies upon shows that the record of her visit to SpineOne on October 14, 2019, Docket No. 30-7, indicates plaintiff "has some

10

baseline neck pain that persists, [b]ut after the accident the pain scores have increased to 8-9 out of 10." *Id.* at 2.  On the subject of back pain, the record states that plaintiff "is always in a baseline low back pain that got aggravated after the accident to a pain score of 8-9 out of 10." *Id.*  Regarding knee pain, the record indicates that "since the accident [plaintiff] has been hurting in her knees." *Id.*  The record from the emergency room on the day of the accident contains multiple diagnoses and findings on plaintiff's injuries, but does not make any comments that can be construed as stating injuries were caused by the accident.  *See* Docket No. 30-8.

Although plaintiff identifies evidence that the accident aggravated her pre-existing injuries, that is not a disputed issue.  Both Dr. Castro and Dr. Mehlberg[17] concluded that plaintiff sustained injuries from the accident.  *See* Docket No. 25 at 6, ¶ 23 ("the evaluation was based upon Dr. Castro's opinion that the accident resulted in minor sprain strains [sic] only"); *id.*, ¶ 24 ("the evaluation was based upon Dr. Mehlberg's opinion that 33% of the Plaintiff's injuries were related to the accident").  Thus, causation itself is not at issue.  Instead, the issue is how extensive her accident-related injuries were and what amount of compensation State Farm owed to plaintiff for them. State Farm cites undisputed evidence of Dr. Castro's and Dr. Mehlberg's causation opinions and undisputed evidence of State Farm's claim valuation based on those doctor's causation opinions.  *Id.*, ¶¶ 22-24.  In response, plaintiff does not cite any evidence of causation that creates a genuine dispute regarding the accuracy of Dr. Castro's and Dr. Mehlberg's causation opinions.  And she does not cite any evidence,

---

[17] The claims notes, Docket No. 25-4 at 2, indicate that Dr. Castro is an orthopedic spine surgeon and that plaintiff saw Dr. Mehlberg for "pain mgmt."

expert or otherwise, calling into question the accuracy, reasonableness, or methodology of State Farm's valuation of her accident-related injuries.[18]  Thus, plaintiff has failed to demonstrate a disputed issue of material fact regarding the reasonableness of State Farm's conclusion regarding the denial of her claim.

Beyond failing to show that State Farm's evaluation was not unreasonable, plaintiff fails to show that she provided any information to State Farm that would indicate its evaluation was unreasonable before filing suit.[19]  *See* Docket No. 30 at 11-12.  An insurer's decision to deny benefits to its insured must be evaluated based on the information before the insurer at the time of that decision." *Schultz*, 429 P.3d at 848 (quoting *Peiffer v. State Farm Mut. Auto. Ins. Co.*, 940 P.2d 967, 970 (Colo. App. 1996)); *see also State Farm Mut. Auto. Ins. Co. v. Reyher*, 266 P.3d 383, 390 (Colo. 2011).  Drawing inferences in favor of plaintiff, the Court finds no reasonable jury could conclude that State Farm denied plaintiff's claim on June 14, 2021 without a reasonable basis.

### 2. Delay of Benefits

State Farm claims that plaintiff cannot show that State Farm unreasonably delayed its investigation of plaintiff's claim.  Docket No. 25 at 11.  State Farm argues that, after plaintiff made her claim, State Farm performed a reasonable investigation

---

[18] In support of its statement of undisputed fact regarding State Farm's valuation of plaintiff's injuries, Docket No. 25 at 6, ¶ 22, State Farm attaches a seven-page "Auto Injury Evaluation," Docket No. 25-2, which explains how defendant arrived at its valuations.

[19] The fact that plaintiff submitted medical bills to State Farm in the amount of $152,043.09, Docket No. 30 at 7, ¶ 18, does not create a genuine issue of material fact because plaintiff offers no evidence as to the dollar amount of the injuries that Dr. Castro and Dr. Mehlberg determined were caused by the accident.

based on her prior medical history and settled her claim on June 14, 2021 within three weeks of its receipt of the two independent medical examinations.  *Id.*  Plaintiff responds that it is disputed whether State Farm unreasonably delayed plaintiff's claim.  Docket No. 30 at 10.

A claim for statutory bad faith predicated on delay requires that the policy-holder show she is entitled to a "covered benefit."  Colo. Rev. Stat. § 10-3-1115(2); *State Farm Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501, 504 (Colo. 2018).  Section 1115(b)(2) states that, "for the purposes of an action brought pursuant to this section and section 10-3-1116, an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action."  Colo. Rev. Stat. § 10-3-1115(2).  Similarly, Section 1116(1) defines the damages available as attorney fees and "two times the covered benefit."  Colo. Rev. Stat. § 10-3-1116(1).  Plaintiff's claim for delay cannot succeed because plaintiff has not shown the delay of a "covered benefit," namely, damages that exceed the tortfeasor's policy limits.  *See Domokos v. Shelter Mutual Insur. Co.*, 416 F.3d 1209, 1232 (D. Colo. 2019) ("Given the phrase 'covered benefit,' the cause of action hangs on a finding of coverage—or in other words, it cannot be unreasonable to delay or deny coverage that does not exist.").  Even if plaintiff could show a dispute over the value of her claim, she has not shown that State Farm had any reason to believe her claim was valued at more than $100,000 before State Farm denied her claim on June 14, 2021.  "[A]n insurer's obligation to pay [UIM] benefits is . . . triggered by exhaustion of the tortfeasor's limits of . . . legal liability coverage."  *Fisher v. State Farm Mut. Auto. Ins. Co.* ("*Fisher I*"), 419 P.3d 985, 989 (Colo. App. 2015) (quotations and citation omitted).  Accordingly, plaintiff

13

cannot show that any delay was unreasonable because she has not shown a disputed issue of material fact that State Farm's duty to pay was triggered.

### B.  DORA Claim

Plaintiff's third claim alleges that "Defendant failed to make a determination of benefits in a timely fashion" and that this inaction "violate[d] DORA Amended Regulation 5-1-14 Section 4 Rules."  Docket No. 4 at 5, ¶¶ 50-51.  The Court presumes this claim is brought pursuant to 3 Colo. Code Regs. § 702-5:5-1-14, the Penalties for Failure to Promptly Address Property and Casualty First Party Claims, which is part of the Colorado Division of Insurance Regulations.

Plaintiff does not respond to State Farm's summary judgment motion on her third claim.  *See* Docket No. 31.  A plaintiff's failure to address a claim in a response to a motion for summary judgment is proper grounds to grant summary judgment in the defendant's favor.  *See Hinsdale v. City of Liberal, Kan*., 19 F. App'x 749, 768-69 (10th Cir. 2001) (unpublished) (affirming district court's holding that plaintiff abandoned his equal protection claim by failing to address the claim in his response to the summary judgment motion).  The Court will consider the claim abandoned.  Even considered on the merits, plaintiff's claim would be dismissed because the Court agrees with State Farm, *see* Docket No. 25 at 12-13, that Colorado Division of Insurance Regulations do not allow plaintiff to recover damages.  The regulations "appl[y] to administrative penalties assessed by the Commissioner of Insurance pursuant to the Commissioner's statutory authority to regulate the insurance industry."  *Fisher I*, 419 P.3d at 991.  Thus, plaintiff has no standing to assert a claim for violation of 3 Colo. Code Regs. § 702-5:5-1-14.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion for Partial Summary Judgment [Docket No. 25] is **GRANTED**.  It is further

**ORDERED** that defendant is entitled to summary judgment on plaintiff's second claim for statutory bad faith and third claim for "Violation of DORA Amended Regulation 5-1-14 Section 4 Rules" and such claims are **DISMISSED** with prejudice.

DATED March 17, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge